COMMONWEALTH *vs.* ANTHONY A. GALLO.

Suffolk.    November 20, 1973. — October 31, 1974.

Present: HALE, C.J., KEVILLE, & GOODMAN, JJ.

*Pleading, Criminal,* Indictment or complaint, Bill of particulars. *Practice, Criminal,* Amendment, Probable cause hearing.

Where an indictment, taken together with particulars supplied by the Commonwealth, charged a State employee with receiving, on or about a certain date, sliding bathroom doors paid for by a welfare recipient, in exchange for his according the recipient favorable treatment by giving him food and clothing orders on certain dates, and where the defendant was allowed to inspect all the Commonwealth's documentary evidence except statements of witnesses, the denial of the defendant's requests for further discovery by way of particulars was not an abuse of discretion. [638-639]

An amendment to an indictment and specifications setting the date of the alleged offense eight months later than that originally specified

in the indictment did not change the substantive offense charged by the grand jury, where the indictment remained otherwise unchanged and the specifications remained otherwise substantially unchanged. [639-640]

An indictment returned while a defendant's case was pending in a District Court should not be dismissed by reason of its depriving him of a probable cause hearing, where the defendant did not oppose the dismissal of the complaint without a hearing in the District Court. [640-641]

INDICTMENT found and returned in the Superior Court on February 3, 1971.

The case was tried before *Leen, J.*

*Daniel J. O'Connell (John J. Connell* with him) for the defendant.

*David A. Mills,* Assistant Attorney General, for the Commonwealth.

GOODMAN, J. The defendant appeals, pursuant to G. L. c. 278, §§ 33A-33G, from a conviction under an indictment charging him with violating G. L. c. 268A, § 2(b).[1] The defendant filed a motion for a bill of

---

[1] The indictment follows the language of the statute (*Commonwealth* v. *Hare,* 361 Mass. 263, 266 [1972]). As originally returned it charged that "Anthony A. Gallo of Revere, County of Suffolk, on or about the twentieth day of January, nineteen hundred and sixty-nine, at Revere, aforesaid being a state employee, to wit: Director of Revere Welfare Service, of the Commonwealth of Massachusetts, Office of the Department of Public Welfare, did directly, corruptly ask, demand, exact, solicit, seek, accept, receive or agree to receive something of value, to wit: an improvement to the home of said Anthony A. Gallo, said home being known and numbered as 41 Shurtleff Street in said Revere, from Victor C. Terminiello of said Revere for himself, namely Anthony A. Gallo, or for any other person or entity, in return for (1) being influenced in his performance of any official act or any act within his official responsibility and (2) being influenced to commit or aid in committing, or to collude in, or allow any fraud, or make opportunity for the commission of any fraud, on the Commonwealth or on a state, county, or municipal agency, and (3) being induced to do, or omit to do any acts in violation of his official duty in violation of General Laws Ch. 268A, Section 2 (b) paragraphs (1) (2) (3)."

particulars containing sixteen separate requests; ten were allowed and six denied, and the Commonwealth duly filed its specifications. Thereafter, on the Commonwealth's motion, the indictment was amended to substitute the date, September 26, 1969, for the date, January 20, 1969 (see fn. 1). A motion to amend various of the specifications was also allowed.

The defendant assigns as error[2] (1) the denial of the six aforementioned requests and (2) the allowance of the motion to amend the indictment and the allowance of the motion to amend the specifications furnished as to the acts performed by Terminiello (see fn. 1) by substituting "[p]aid for the installment of said doors" for "[p]rocured installment of said doors." The defendant also assigns as error (3) the denial of his motion to dismiss the indictment made on the ground that it was brought while a complaint containing the same charge was pending in the District Court and a few days prior to a scheduled hearing on the complaint.

1. The indictment, taken together with the particulars supplied by the Commonwealth, charged that on or about September 26, 1969, the defendant, the Director of Revere Welfare Service, a State employee, received an improvement to his home, namely sliding doors to the bathroom valued at $57, which were paid for by one Victor Terminiello, a welfare recipient, and that in return the defendant accorded favorable treatment to Terminiello by giving him, on specified dates, food orders and clothing orders. The defendant in this case was thus furnished with "reasonable knowledge of the nature and grounds of the crimes charged which would enable . . . [him] to understand fully the offence with which . . . [he was] accused and permit . . . [him] to prepare . . . [his defence]." *Commonwealth* v. *Mannos,* 311 Mass.

---

[2] Other assignments of error were not briefed or argued, and they are treated as waived. *Commonwealth* v. *Deschamps,* 1 Mass. App. Ct. 1, 5 (1972).

94, 102 (1942) (a bribery indictment under a predecessor statute which, with the specifications furnished, gave the defendant much the same information as that provided in this case). *Commonwealth* v. *Kiernan*, 348 Mass. 29, 34 (1964), cert. den. sub nom. *Gordon* v. *Massachusetts*, 380 U. S. 913 (1965). *Commonwealth* v. *White*, 353 Mass. 409, 412-413 (1967), cert. den. 391 U. S. 968 (1968). *Commonwealth* v. *Baron*, 356 Mass. 362, 364-365 (1969). *Commonwealth* v. *Therrien*, 359 Mass. 500, 508 (1971). Moreover, the Superior Court granted the defendant the right to inspect all the Commonwealth's documentary evidence except the statements of witnesses. Compare *Commonwealth* v. *Baron*, *supra*, at 365. The denial of further discovery by way of particulars — which necessarily limits the Commonwealth's case (*Commonwealth* v. *Iannello*, 344 Mass. 723, 726 [1962]; Smith, Criminal Practice and Procedure, § 633, p. 324) — was not an abuse of discretion since "the particulars furnished included the time, place, and manner of the crime charged . . .." *Commonwealth* v. *Therrien*, *supra*, at 508, and cases cited. Indeed, the Commonwealth's case at trial did not present anything substantially more than what was contained in the indictment and particulars. Its case could hardly have surprised the defendant.

2. The defendant's attack on the amendment of the indictment and of the specifications is not sustained by the record. The difference of about eight months between the original date of the offense specified in the indictment and the amended date does indeed, as the defendant contends, raise the question whether "the amendment materially change[d] the work of the grand jury" (*Commonwealth* v. *Benjamin*, 358 Mass. 672, 679 [1971]), or otherwise stated, whether the amendment "changed the substantive offence charged" by the grand jury (*Commonwealth* v. *Parrotta*, 316 Mass. 307, 312 [1944]). We think not. The indictment itself in its specifics, which remained unchanged apart from the date

and which were buttressed by the specifications which also remained substantially unchanged,[3] provides a sufficient showing that the set of circumstances before the grand jury was indeed the same set of circumstances on which the conviction rests.    Contrast *Connor* v. *Commonwealth,* 363 Mass. 572, 577-578 (1973), in which the Commonwealth did not meet its burden of showing, from the indictment or otherwise, that Connor was the "John Doe" in the indictment intended by the grand jury.

Thus G. L. c. 277, § 35A (providing that the "indictment [may be] amended in relation to allegations . . . as to which the defendant would not be prejudiced in his defence"), which is inapplicable to changes in "matters of substance" (*Commonwealth* v. *Snow,* 269 Mass. 598, 606 [1930]), permits the amendment in this case.    The date (apart from questions of the statute of limitations, not here involved) is not an essential element of the crime. G. L. c. 277, § 20.    See *Commonwealth* v. *Manooshian,* 326 Mass. 514, 516 (1950).    Nor does the defendant suggest any way in which this amendment, allowed about seven months before trial, prejudiced him.    *Commonwealth* v. *Benjamin, supra,* at 678-679.[4]

3. The defendant's contention, that the indictment should be dismissed because its return while the case was pending in the District Court deprived him of a probable cause hearing, fails because he apparently made no attempt to oppose in the District Court the dismissal of the complaint without a hearing or, for that matter,

---

[3] The defendant does not show that the change in the specifications from " [p]rocured installment of said doors" to " [p]aid for the installment of said doors" (the only change of which he complains) was of any materiality.

[4] The confusion of dates, which the amendment eliminated, apparently arose because, as appeared at the trial, the receipted bill, given to Terminiello for the doors, was mistakenly dated prior to their installation.    To the extent that the amendment may have alerted the defendant to this confusion, it was helpful rather than prejudicial.

to get a hearing on the merits, there being concurrent jurisdiction in the District Court. See *Corey* v. *Commonwealth*, 364 Mass. 137, 144 (1973) (Quirico, J., concurring). See also *Commonwealth* v. *Britt*, 362 Mass. 325, 327 (1972). We do not imply that the defendant was, in the circumstances, entitled to further proceedings in the District Court. See *Corey* v. *Commonwealth*, *supra*, at 140, fn. 6.

*Judgment affirmed.*