COMMONWEALTH *vs.* MARK M. JERVIS.

Middlesex. March 3, 1975. — September 30, 1975.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Pleading, Criminal,* Indictment, Variance, Bill of particulars. *Practice, Criminal,* Trial of indictments together.

There was no error in the allowance of a pre-trial motion to amend an indictment for larceny of a motor vehicle by changing the alleged date of the larceny from a date after the date of an assault charged in an indictment tried jointly with the larceny indictment to a date a few days before the date of the assault [643-644]; no bases for denial of the motion were presented by defense counsel's statement that he "wasn't prepared to go forward at this time" on the larceny indictment [644]; or by the Commonwealth's then failure to have filed particulars as to the date of the larceny [645].

A pre-trial motion to sever trial of an indictment for larceny of a motor vehicle and an indictment for assault was properly denied where the Commonwealth offered to and did produce "proof of guilt by substantially the same evidence" [645-646]; defense counsel's statement that he was not then fully prepared to try the larceny indictment because he considered that charge "completely separate" from the assault charge was not directly relevant [646-647].

INDICTMENTS found and returned in the Superior Court on October 12, 1972.

Pre-trial motions were heard by *McLaughlin,* C.J., and the cases were tried before him.

---

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Lois M. Lewis* for the defendant.

*Bonnie H. MacLeod-Griffin,* Assistant District Attorney, for the Commonwealth.

QUIRICO, J.   At a single trial made subject to G. L. c. 278, §§ 33A-33G, the defendant was tried on indictments charging that he, being armed with a dangerous weapon, assaulted a girl sixteen years of age (victim) with intent to murder her, G. L. c. 265, § 18, and that he stole a motor vehicle, G. L. c. 266, § 28.   On the former indictment, the jury found him guilty of the lesser included offense of assault with intent to kill, see *Commonwealth* v. *Demboski,* 283 Mass. 315, 321-324 (1933), and the judge sentenced him to eight to ten years at the Massachusetts Correctional Institution at Walpole.   On the latter indictment, the jury found him guilty as charged and the judge sentenced him to four to seven years at the same institution, this sentence to take effect from and after the longer sentence.   The defendant appealed from both convictions to the Appeals Court. We ordered the cases transferred here.   See G. L. c. 211A, § 10 (A), inserted by St. 1972, c. 740, § 1.   We affirm.

The defendant incorporated eighteen exceptions in an assignment of errors which alleged that there was reversible error in sixteen separate rulings, or groups of rulings, made by the judge who conducted a pre-trial proceeding and then presided at the trial.   The defendant has now purported to brief his position on fifteen of these sixteen groups of adverse rulings, which fall into three principal classifications:   (1) the granting of the prosecution's motion to amend the larceny indictment;   (2) the denial of the defendant's motions (a) to sever the two indictments and (b) to declare a mistrial; and (3) the making of various evidentiary rulings.   Our

consideration of the issues in the first two classifications requires a brief review of pertinent facts.

Prior to the empanelling of the jury on the first day of trial, the judge conducted a proceeding to hear a number of motions. During this proceeding, defense counsel asked if he was correct in his belief that the Commonwealth intended to try the two indictments together. The assistant district attorney answered, in substance, that he did intend to try the two indictments together. In arguing in favor of a single trial, he asserted that there would be evidence that (1) the stolen motor vehicle was found in the defendant's possession when he was arrested on the assault charge, approximately a week or a week and a half after the vehicle was stolen, (2) the larceny occurred only a few days before the assault on the victim, (3) the victim could identify the stolen vehicle as the one in which she was transported to the scene of the assault, and (4) the defendant had denied to the police that he had seen the victim (and, therefore, had in effect denied that she could have seen the stolen car in his possession) for a period of one or two weeks prior to the time when she was found in the woods seriously injured and in an unconscious condition. The assistant district attorney summarized his position by saying: "Therefore, the entire testimony . . . the entire evidence I will be introducing, where I try the larceny of the motor vehicle case, would go in this case to produce the substantive elements it was the defendant on the armed assault . . . [with intent to] murder."

After the assistant district attorney stated his position, defense counsel requested a severance of the two indictments on the grounds (a) that he had not known that the Commonwealth intended to try the indictments together and that he was thus unprepared to go forward on the larceny case, and (b) that trying the two indictments together "would confuse some of the issues." At this juncture, the judge pointed out that the larceny indictment alleged that the larceny occurred on August 5,

1972, and that the assault indictment alleged that the assault occurred on July 18, 1972, whereas the assistant district attorney had stated that the larceny preceded the assault. The assistant district attorney responded that it appeared that the larceny indictment was erroneous, that the automobile was in fact stolen on July 15, 1972, and that he would file a motion to amend the indictment as to the date of the offense. The judge accepted the representation by the assistant district attorney that the two indictments, while facially unrelated, were in fact intertwined, and accordingly denied the motion to sever.

Shortly after the above interchange, a brief recess was taken. During or just after this recess, the Commonwealth's motion to amend the larceny indictment in respect to the time of the theft was filed. Defense counsel acknowledged that allowance of the motion was within the judge's discretion, but stated that allowance would place an undue burden on him because he had not previously realized that the automobile involved in the larceny and the automobile involved in the assault were one and the same. Defense counsel also indicated that he had witnesses to be called in the larceny case, and that he "wasn't prepared to go forward at this time on that part of the case." The judge, after hearing the assistant district attorney argue in favor of the motion to amend the larceny indictment, allowed it on the ground that the amendment would not alter or affect any essential element of the basic crime charged in the original indictment.

The trial began on the afternoon of the day on which the judge held the pre-trial proceeding and made the above indicated rulings on the defendant's motion to sever and the Commonwealth's motion to amend the indictment. That afternoon the jury were empanelled, the assistant district attorney made his opening statement, and the direct examination of the Commonwealth's first witness, the victim, was commenced, though not completed. The next morning, defense counsel moved for

a mistrial. The motion read as follows: "Now comes the defendant in the above-entitled matter [referring to the two indictments by number] and moves that this Honorable Court declare a mistrial for failure to grant defendant's motion to sever the two indictments. The defendant's reasons are set forth in the affidavit attached hereto."[1]

The motion for the declaration of a mistrial, despite a pointless reference in the accompanying affidavit to "the reading of these indictments along with the opening of the District Attorney and testimony of the first witness," was in reality based solely on the denial of the earlier motion to sever. In other words, the single question

---

[1] This affidavit read as follows:

"I, MARK JERVIS, the defendant in these matters, state that the denial of the Motion for a Severance of these indictments is a prejudicial joinder of issues which now require the defendant to waive his Fifth Amendment rights to remain silent.

"That at all times material to these matters no mention was made by the Government that these indictments would be tried together until just prior to trial on Tuesday, May 8, 1973 and that the defendant is not prepared to proceed on that indictment at this time.

"The allegations in the original indictment No. 103140 allege the offense to have occurred on August 5, 1972 whereas the assault is alleged to have occurred on or about July 18, 1972. The defendant and his attorney were led to believe that these were separate and distinct unrelated offenses occurring on separate dates. The defense has been prepared based on the dates furnished in the original indictments. The defendant filed a Bill of Particulars which was allowed but the Government never furnished said answers on the indictment charging Larceny of a motor vehicle.

"These indictments require different evidence and are not related offenses connected by a single line of conduct.

"Furthermore, the credibility of the testimony of the defendant could be challenged on each of the two separate and distinct indictments and any convictions introduced, especially those relating to similar conduct would prejudice his testimony and unnecessarily impeach his credibility on each indictment.

"The defendant will also be prejudiced and the jury influenced by the accumulating effect of evidence as to separate offenses.

"The defendant further says that the reading of these indictments along with the opening of the District Attorney and testimony of the first witness so prejudiced the defendant that he cannot obtain a fair trial."

presented by the two motions was whether it was proper for the judge to permit these indictments to be tried together. Before addressing this question, however, we turn to a consideration of whether it was proper for the judge to allow the amendment of the larceny indictment.

1. *Amendment of the indictment.* General Laws c. 277, § 35A, provides: "Upon motion of the district attorney or prosecuting officer, the court may order the complaint or indictment amended in relation to allegations or particulars as to which the defendant would not be prejudiced in his defense." In *Commonwealth* v. *Snow,* 269 Mass. 598, 606 (1930), we held that § 35A was constitutional as long as it was "interpreted as authorizing amendments to indictments only as to matters of form and not as to matters of substance." We reasoned: "It cannot be thought that the grand jury intended to make mere matters of form, and matters not necessary to the description of the crime charged, the basis of its action in finding a true bill and in presenting an indictment. It must be presumed that the members of the grand jury . . . have taken their votes with a view to the underlying fundamentals of the evidence heard by them and not to its superficial features. If something more than these underlying fundamentals creeps into the formal charge embodied in the indictment, it would be reasonable to impute such additions to inadvertence and not to a misunderstanding of the main purpose expressed." *Id.* at 606-607. The law has remained as stated in the *Snow* case. See, for example, *Commonwealth* v. *Binkiewicz,* 342 Mass. 740, 748-749 (1961); *Commonwealth* v. *Benjamin,* 358 Mass. 672, 678-679 (1971).

In *Commonwealth* v. *Glassman,* 253 Mass. 65 (1925), the defendant argued that the trial judge erred in declining to direct a verdict of not guilty where there developed, in regard to the date the larceny occurred, a discrepancy between the allegations in the complaint and the proof adduced at the trial. We rejected this argu-

ment saying: "Time was not an essential element of the [larceny] offence charged in . . . the complaint, and it was not required to be proved as alleged." *Id.* at 71. *Commonwealth* v. *Corcoran*, 348 Mass. 437, 442 (1965). *Commonwealth* v. *Benjamin*, 358 Mass. 672, 678-679 (1971).

General Laws c. 277, § 79, provides in part that "the forms hereto annexed shall apply . . . to indictments, and such forms shall be sufficient in cases to which they are applicable." The statutory larceny forms do not include any allegation of the time of the stealing. See *Commonwealth* v. *Baker, ante,* 58, 74 (1975). In short, the allegation in the unamended indictment by which the present defendant was charged with larceny to the effect that the theft occurred on August 5, 1972, was not an essential element of the indictment. See G. L. c. 277, § 20. The amendment offered was thus not one of substance. There was no error in allowing such an amendment. This view accords with the weight of authority. See generally anno., Power of Court to Make or Permit Amendment of Indictment with Respect to Allegations as to Time, 14 A. L. R. 3d 1297 (1967 and Supp. 1974).

One of the defendant's arguments in his brief here seems to be that the motion to amend should have been denied in light of his statement at the pre-trial proceeding that he "wasn't prepared to go forward at this time on that part of the case." A statement of this nature, of course, presented no basis for denying the motion to amend. The statement might have presented a basis for a continuance, but no continuance was ever requested.[2]

---

[2] We note that this statement was made on Tuesday, May 8, 1973. Defense counsel did not actually make his opening statement and present his first witness until the following Monday, May 14. Although defense counsel suggested at the pre-trial proceeding that as of then he was not prepared to go forward with the defense witnesses on the larceny charge, it is not now claimed that any problem actually developed in this regard.

The defendant also seems to argue in his brief that the Commonwealth's failure to file answers to a bill of particulars has some bearing on the propriety of the allowance of the motion to amend the indictment. We do not agree. By a single motion applicable to both indictments, the defendant had requested that the Commonwealth be ordered to furnish various particulars. One of the requested particulars which had been allowed was "[t]he time of the alleged offense." It appears that the Commonwealth filed these particulars only as to the assault indictment. At the time the motion to amend the larceny indictment was considered at the pre-trial proceeding, defense counsel made no mention of the fact that particulars had not been received on that indictment. Indeed, the defendant seems to have made no effort to draw the judge's attention to this fact prior to the filing of the motion for a mistrial and the supporting affidavit on the second day of the trial. Had the defendant in timely fashion raised the question of the Commonwealth's failure to file the particulars, this matter, like the matter of defense counsel's alleged lack of readiness for trial, might have been ground for a continuance. But it was not ground for denying the motion to amend the larceny indictment. And it was certainly not ground for declaring a mistrial when finally brought to the judge's attention on the second day of the trial.

2. *Motion to sever and motion for a mistrial.* The second question concerns the judge's decision to allow the two indictments to be tried together. At least up to the day of trial, the prosecutor, the defendant, and defense counsel all seem to have treated the two indictments as a single matter, see n. 3, *infra,* although no formal order for joinder was ever made. As a general proposition, the decision whether to allow a motion to sever two or more indictments which have been joined for purposes of trial rests in the sound discretion of the trial judge. *Commonwealth* v. *Rosenthal,* 211 Mass. 50, 54 (1912). *Commonwealth* v. *Iannello,* 344 Mass. 723, 727 (1962).

*Commonwealth* v. *Fancy,* 349 Mass. 196, 204 (1965). *Commonwealth* v. *Beneficial Fin. Co.* 360 Mass. 188, 223 (1971), cert. den. sub nom. *Farrell* v. *Massachusetts,* 407 U. S. 910, and sub nom. *Beneficial Fin. Co.* v. *Massachusetts,* 407 U. S. 914 (1972). *Commonwealth* v. *Blow,* 362 Mass. 196, 200 (1972).

In *Commonwealth* v. *Blow, supra,* we held that our general rule that the trial judge has discretion in regard to the question of severance could not be stretched to uphold a denial of a severance motion where "[t]here was no single course of conduct in the several offences charged nor was there proof of guilt by substantially the same evidence." *Id.* at 201. In the present case, the judge denied the motion to sever on the assistant district attorney's representation that "the entire evidence I will be introducing, where I try the larceny of the motor vehicle case, would go in this case to produce the substantive elements it was the defendant on the armed assault . . . [with intent to] murder." The proof actually adduced at trial in fact bore out the assistant district attorney's representations. In contrast to the *Blow* case, here the Commonwealth offered to and did produce "proof of guilt by substantially the same evidence." There was thus no abuse of discretion in denying the motion to sever.

Finally, we note that in regard to the severance motion, just as in regard to the amendment motion, defense counsel at the pre-trial proceeding attempted to support his position by a claim that he was not then fully prepared to try the larceny indictment because he had considered that charge "completely separate" from the assault charge.[3] Again in his brief here, the defendant

---

[3] Defense counsel's claim that he had considered the two charges "completely separate" may have been somewhat of an overstatement. The claim was made on May 8, 1973. On January 3, 1973, the defendant had filed pro se a request for "*a* Speedy Trial" (emphasis supplied) in "the above numbered cases." The "above numbered cases" were "#103140 [the larceny indictment] *and* #103141 [the

argues that in light of this statement the judge's failure to grant a severance constitutes reversible error. As we indicated when considering the amendment issue earlier in this opinion, however, this sort of claim would have been directly relevant only in support of a motion for a continuance. It offered no sufficient justification to require the judge to sever two related indictments.

3. *Evidentiary rulings.* The remaining twelve exceptions which were assigned as error and briefed by the defendant, and which have not previously been disposed of in this opinion, relate solely to the judge's exercise of his discretion in admitting or excluding certain types of testimony or documentary evidence. None of these "issues" is of any great moment, and it would add nothing to our jurisprudence to discuss them. The judge did not abuse his discretion as to any of these rulings.

*Judgments affirmed.*

assault indictment] Commonwealth vs. Jervis" (emphasis supplied). On January 24, 1973, defense counsel filed fourteen separate motions. Each of these motions referred to "the above entitled case," and in each motion "the above entitled case" was "Superior Court NOS. 103140 [and] 103141." And on February 1, 1973, defense counsel appeared before a Superior Court judge, other than the one who later sat at the trial, for a hearing on these motions. At the beginning of this hearing, the clerk read the two indictment numbers, and the judge asked, "What is the offense?" The assistant district attorney replied, "The offense, if Your Honor please, is larceny of a motor vehicle and armed assault to murder." The first matter considered was the motion for "*a* Speedy Trial" (emphasis supplied). At this hearing, defense counsel spoke of the two indictments as "this case."

We note that defendant's counsel on this appeal is not the attorney (herein often referred to as "defense counsel") who represented the defendant at trial.