COMMONWEALTH *vs.* DENNIS MCWHINNIE. October 20, 1977. The defendant has appealed (G. L. c. 278, §§ 33A-33G) from his convictions on indictments for committing an unnatural and lascivious act (G. L. c. 272, § 35) and for threatening to commit a crime against the person of the victim of the unnatural act (G. L. c. 275, § 2) and from the denial of his motion for a new trial on the latter indictment. 1. There was no error in connection with the admission of the evidence that approximately a week before trial the defendant had threatened harm to someone in the victim's family if the charges should not be dropped. As the judge ruled, the evidence was admissible to show consciousness of guilt on the part of the defendant. *Commonwealth* v. *Smith,* 162 Mass. 508, 509-510 (1895). *Commonwealth* v. *Balakin,* 356 Mass. 547, 554-555 (1969). In the course of his charge to the jury on the morning of the following day the judge specifically limited the purpose for which the jury might consider the evidence (consciousness of guilt) and emphasized that the evidence "[was] not offered to show some other crime of threats on a more recent occasion with which [the defendant] is not charged in these indictments." 2. The defendant's trial counsel took no exception to any portion of the charge to the jury (see *Commonwealth* v. *Foley,* 358 Mass. 233, 236 '[1970]; *Commonwealth* v. *LaBella,* 364 Mass. 550, 552-553 [1974]) and responded in the negative to the judge's inquiry at the conclusion of the charge whether "there [is] anything counsel want to call to my attention." Present counsel subsequently moved for a new trial on the indictment for threatening on the ground that the judge had failed to instruct the jury that in order to convict on that indictment they must find that the defendant had had the ability to accomplish his threat to kill the victim of the unnatural act if he should disclose the commission of the same, so as to justify apprehension on the part of the victim. See *Robinson* v. *Bradley,* 300 F. Supp. 665, 668 (D. Mass. 1969). The judge denied the motion without a hearing, and without any explanation of his reason(s). As the bare denial of the motion is consistent with a simple refusal on the part of the judge to exercise his discretion in favor of considering and ruling on a question which should have been (but was not) raised during the course of the trial, the defendant's exception to the denial of the motion raises no question of substance. Contrast *Commonwealth* v. *Blondin,* 324 Mass. 564, 566-567 (1949), cert. denied, 339 U. S. 984 (1950); *Commonwealth* v.

Rescript Opinions.

*Gagne,* 367 Mass. 519, 525-526 (1975). The defendant does not argue that our refusal to consider the question sought to be raised by the motion will result in a substantial risk of a miscarriage of justice (see *Commonwealth* v. *Freeman,* 352 Mass. 556, 562-564 [1967]), very likely because there was evidence at trial from which the jury could have found that the victim had submitted to the unnatural act because the defendant had threatened him with a knife about nine inches long and that the defendant still had the knife in his possession at the time he threatened to kill the victim if he should disclose the commission of that act.

> *Order denying motion*
> *for new trial affirmed.*

> *Judgments affirmed.*

The case was submitted on briefs.
*Joseph F. Flynn* for the defendant.
*John J. Droney,* District Attorney, & *Roberta T. Brown,* Legal Assistant to the District Attorney, for the Commonwealth.