Commonwealth v. Gallo.

COMMONWEALTH vs. ANTHONY A. GALLO.

Suffolk.　October 10, 1978. — November 2, 1978.

Present: HALE, C.J., ROSE, & ARMSTRONG, JJ.

*Practice, Criminal*, New trial; Exceptions: failure to save exception.

Upon appeal from the denial of a motion for a new trial, a defendant
was not entitled to review of an evidentiary issue which could have
been raised at trial but which was not so raised. [650–652]

INDICTMENT found and returned in the Superior Court
on February 3, 1971.

A motion for a new trial was heard by *Leen, J.*

The case was submitted on briefs.

*Edward T. Dangel, III*, for the defendant.

*Frances X. Bellotti*, Attorney General, *Stephen R. De-
linsky & Robert V. Greco*, Assistant Attorneys General,
for the Commonwealth.

HALE, C.J. The defendant has appealed (G. L. c. 278,
§§ 33A–33G) from the denial of his third motion for a new
trial, filed pursuant to G. L. c. 278, § 29. We have already
affirmed his conviction for violating G. L. c. 268A, § 2(*b*).
*Commonwealth* v. *Gallo*, 2 Mass. App. Ct. 636 (1974).[1]

The defendant based his motion for a new trial on three
grounds but now argues only the one concerning the ad-
mission of hearsay testimony at his original trial. There
the defendant moved unsuccessfully for a directed verdict
at the conclusion of the prosecutor's opening, in which he
had indicated his intention to offer certain testimony,

---

[1] His exception to the denial of his first motion was assigned as
error, but as it was not briefed it has been treated as waived. *Id.* at 638
n.2. The second motion was denied, and it does not appear that an
appeal concerning that denial was perfected.

now alleged to be hearsay, in the Commonwealth's case in chief. At that time the trial judge expressed his belief that the testimony would be admissible. When the testimony was actually offered in evidence it was received without objection. The defendant did not raise the question of the admissibility of the evidence or the denial of the motion for a directed verdict in his initial appeal. See *Commonwealth* v. *Gallo*, 2 Mass. App. Ct. at 638.

The granting of a new trial is within the broad discretion of the trial judge. *Commonwealth* v. *Rembiszewski*, 363 Mass. 311, 322 (1973). There was no abuse of that discretion.

The general rule that we will not on appeal from the denial of a motion for a new trial examine anew issues that could have been (and were not) raised at trial by way of objection is clearly applicable here. By his failure to object to the admission of testimony at the time it was offered, the defendant lost his right to have us now address that issue. *Commonwealth* v. *Grace*, 376 Mass. 499, 500 (1978). Assuming arguendo that the defendant's motion for a directed verdict and his exception to its denial operated as an objection to the allegedly hearsay statement, that act did not relieve him of his obligation to object to the admission of the testimony at the time it was offered in evidence. The trial judge's statement at the time he ruled on the motion was only a prediction of how he might rule if and when the testimony might be offered at trial.

Moreover, even if the defendant's motion could serve the function of an objection to the evidence at the time it was offered at trial, the hearsay question would not now properly be before us, as the defendant failed to raise it on his initial appeal. The failure to argue on appeal even the exception to the denial of the motion for a directed verdict acted as a waiver of the claim. *Commonwealth* v. *Grace*, 376 Mass. at 501.

In the exercise of his discretion, the judge could have elected to reconsider the hearsay issue on the motion for

a new trial. *Commonwealth* v. *Blondin*, 324 Mass. 564, 566–567 (1949), cert. denied, 339 U.S. 984 (1950). *Commonwealth* v. *Gagne*, 367 Mass. 519, 526 (1975). However, he did not do so, and as a result the defendant is not entitled to have that issue decided by us. *Commonwealth* v. *Rodriquez*, 334 Mass. 703, 704 (1956). *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 229 (1973). *Commonwealth* v. *McWhinnie*, 5 Mass. App. Ct. 877 (1977).

Finally, the defendant does not argue before us that the trial judge's statement in his "Findings, Rulings and Order" that "there was strong independent evidence that the defendant had in fact committed the crime with which he was charged" was wrong.[2] Nor does he suggest that because of the state of the evidence at trial we should consider that the admission of the questioned testimony would result in a substantial risk of a miscarriage of justice. *Commonwealth* v. *Freeman*, 352 Mass. 556, 562–564 (1967). *Commonwealth* v. *McWhinnie*, 5 Mass. App. Ct. at 878. He asserts instead that the admission of the testimony was constitutionally infirm and that the other evidence in favor of guilt failed to satisfy the test for harmless constitutional error because it was not so overwhelmingly indicative of guilt as to make the error harmless beyond a reasonable doubt. *Chapman* v. *California*, 386 U.S. 18, 24 (1967). *Harrington* v. *California*, 395 U.S. 250, 254 (1969). Since we are of the opinion that any error here was not of constitutional dimension, see *Dutton* v. *Evans*, 400 U.S. 74, 86 (1970); *Commonwealth* v. *McLaughlin*, 364 Mass. at 219, the *Chapman* standard for the determination of harmless constitutional error is inapplicable.

*Order denying motion for
new trial affirmed.*

---

[2] The defendant refers only in passing to the trial judge's characterization of the evidence as "strong," and as showing no substantial risk of a miscarriage of justice.