COMMONWEALTH *vs.* RONALD OHANIAN (and a companion case[1]). January 4, 1979. 1. Following the opinion of the Supreme Judicial

---

[1] Commonwealth *vs.* Charles Ohanian.

Court in *Commonwealth* v. *Ohanian*, 373 Mass. 839 (1977), new indictments were returned, again charging the defendants with larceny under G. L. c. 266, § 37. The new indictments alleged that the defendants drew checks "upon the Coolidge Bank and Trust" and subsequently obtained money "of the property of the Coolidge Bank and Trust Company." The gist of the Commonwealth's case, at the defendants' first trial (see *Commonwealth* v. *Ohanian*, *supra* at 840-841) and at the trial on the new indictments, was that the defendants had drawn checks on an account at the Coolidge Bank, knowing that there were insufficient funds in that account to cover the checks, and had cashed them at the Union Market National Bank. At the second trial, after the prosecutor's opening statement to the jury, the judge allowed the Commonwealth's motion to amend the new indictments (G. L. c. 277, § 35A) by substituting the words "the property of the Union Market National Bank" for the words "[the property of the] Coolidge Bank and Trust Company." There was no error. The amendment did not materially change the work of the grand jury.[2] *Commonwealth* v. *Benjamin*, 358 Mass. 672, 679 (1971). *Commonwealth* v. *Jervis*, 368 Mass. 638, 643 (1975). *Commonwealth* v. *Sitko*, 372 Mass. 305, 307-308 (1977). *Commonwealth* v. *Gallo*, 2 Mass. App. Ct. 636, 639-640 (1974). Accordingly, the amendment was permissible under G. L. c. 277, § 35A, for we fail to see how the defendants could have been prejudiced by the amendment, especially as the case had been fully tried once before and the Commonwealth's case at the second trial was not materially different. See *Commonwealth* v. *Parotta*, 316 Mass. 307, 311-312 (1944); *Commonwealth* v. *Binkiewicz*, 342 Mass. 740, 747-749 (1961). 2. Before ruling on the motion to amend the indictments, the judge, over the defendants' objection, reviewed portions of the grand jury minutes. There was no error. The purpose of that review was not to test the sufficiency of the evidence before the grand jury, but rather to ascertain whether the work of the grand jury would be altered by allowing the motion to amend. Cf. *Commonwealth* v. *Benjamin*, 358 Mass. 672, 677 (1971); *Commonwealth* v. *Hare*, 361 Mass. 263, 269 (1972); *Commonwealth* v. *Robinson*, 373 Mass. 591, 592-593 (1977). 3. There was no abuse of discretion in the denial of the defendants' motions to continue the case without a finding, which were filed at the outset of the second trial. Cf. *Commonwealth* v. *Brandano*, 359 Mass. 332, 334-337 (1971); *Rosenberg* v. *Commonwealth*, 372 Mass. 59, 62-63 (1977). The record makes clear that the judge rejected the condition proposed by the prosecutor for the Commonwealth's assent to the allowance of the motions, and that the judge's denial of the motions rested on considerations independent of that proposal.

*Judgments affirmed.*

BROWN, J., (concurring in result). I believe more needs to be said in response to the defendants' claim of error in the judge's denial of their motions to continue the case without a finding. See part 3 *supra*. It is beyond my notion of fairness to accept the Commonwealth's argument that it could condition its assent to the allowance of Charles' motion on Ronald's resigning from public office. I concur in the result because in these circumstances disposition was clearly within the sound discre-

---

[2] We have reviewed the portions of the grand jury minutes which were transmitted to us.

tion of the judge, who, notwithstanding the ill-advised aspect of the Commonwealth's suggestion, does not appear to have abused this discretion.

*Martin S. Cosgrove* for the defendants.
*William L. Pardee,* Assistant District Attorney, for the Commonwealth.