COMMONWEALTH *vs.* JAMES R. BOYDEN, JR. February 29, 1980. 1. The
defendant appeals from his convictions on charges of assault with intent to
murder, assault and battery with a dangerous weapon, and unlawful car-
rying of a firearm. He claims error because the judge, without consulting
counsel for either party, allowed a blackboard on which was drawn a dia-
gram of the location where the shooting occurred to go into the jury room.
The diagram had been drawn by the victim while testifying but had not
been admitted in evidence. We assume without deciding that it was error
for the judge to have thus allowed the diagram to go to the jury. Never-
theless, the defendant does not claim that the diagram misrepresented the
testimony in any way or that any harm resulted. We have examined
photographs of the blackboard and have read the transcript. We con-
clude that any information which might have been gleaned from the dia-
gram had been amply covered by the testimony (including the direct and
cross examination of the witness who drew the diagram) and could have
caused no harm. See *Commonwealth* v. *Hoffer,* 375 Mass. 369, 374
(1978); *Commonwealth* v. *Nicholson,* 4 Mass. App. Ct. 87, 90 (1976). See
also *Commonwealth* v. *Fidler,* 377 Mass. 192, 201 (1979).

2. It was not error to admit testimony that the defendant had given
the victim money to induce him not to testify. Evidence that tends to
show a consciousness of guilt is always relevant and is not rendered inad-
missible simply because it may indicate that the defendant has committed
another offense. *Commonwealth* v. *Roberts,* 378 Mass. 116, 125 (1979).
See *Commonwealth* v. *Min Sing,* 202 Mass. 121, 125 (1909); *Common-
wealth* v. *Balakin,* 356 Mass. 547, 554-555 (1969); *Commonwealth* v.
*Haney,* 358 Mass. 304, 306 (1970); *Commonwealth* v. *McWhinnie,* 5
Mass. App. Ct. 877 (1977). The bribery in this case was strong evidence
of consciousness of guilt, and any prejudicial effect of a showing that the

defendant had committed bribery did not outweigh its probative value. Compare *Commonwealth* v. *Gilday*, 367 Mass. 474, 496 (1975). The judge carefully and correctly instructed the jury, both immediately after the testimony and during his charge, on the limited purpose for which the evidence was to be considered.

*Judgments affirmed.*

*John C. McBride* for the defendant.

*William L. Pardee*, Assistant District Attorney, for the Commonwealth.                                              .