COMMONWEALTH *vs.* ANTHONY A. GALLO. December 29, 1980. 1. The primary issue in this case is trial counsel's handling of the hearsay statements of the deceased Victor Terminiello as testified to by Detective Lieutenant Sharkey. See now *Commonwealth* v. *Carr*, 373 Mass. 617, 623 (1977) (adopting "in substance" Fed.R.Evid. 804[b][3]). Passing the point that "[t]he issue now asserted was open on the . . . [third motion hearing] and [apparently] was not thought sufficiently meritorious to warrant advancing it [at that time]," *Reddick* v. *Commonwealth*, 381 Mass. 398, 403 (1980), we conclude that the defendant's motion for a new trial was properly denied. See *Commonwealth* v. *Gagne*, 367 Mass. 519, 526-527 (1975). We think trial counsel's judgment was sound, as it is evident that his decision was part of a conscious trial strategy — a strategy

which successfully produced acquittals on three of the four charges. "When the arguably reasoned tactical or strategic judgments of a lawyer are called into question, we do not 'second guess competent lawyers working hard for defendants who turn on them when the jury happen to find their clients guilty.'" *Commonwealth* v. *Rondeau,* 378 Mass. 408, 413 (1979), quoting from *Commonwealth* v. *Stone,* 366 Mass. 506, 517 (1974).

2. There was ample evidence to support the judge's conclusion that "[t]he failure to present defense witnesses [one Faraci and one Marcella] was a trial tactic which was warranted in all the circumstances." Moreover, the earlier motion judge's ruling concerning Faraci's "demeanor" and his "vague, inconclusive and indecisive . . . manner of testifying" provides additional support for the instant judge's finding that their testimony "would have added little or nothing to the case and would not have varied the outcome."

3. We agree with the judge's finding that the "defendant was competently and effectively represented at his trial and at subsequent posttrial" proceedings. The judge could properly conclude that an appeal from the denial of the second (as well as the first) motion for a new trial was pointless because "[t]here was nothing substantial to appeal."

4. Because "[t]here must be a reasonable moment for a judgment to become final and a time beyond which further challenges must be barred," *Reddick* v. *Commonwealth, supra* at 403, we have carefully reviewed the entire record of all proceedings (including the trial transcript). In the circumstances of this case we have deemed such a procedure essential in order to reduce the possibility of a fifth motion for a new trial and yet another appeal to this court. See two prior appeals: *Commonwealth* v. *Gallo,* 2 Mass. App. Ct. 636 (1974) (conviction and first motion for new trial), and *Commonwealth* v. *Gallo,* 6 Mass. App. Ct. 650 (1978) (third motion for new trial).

*Order denying fourth motion*
*for new trial affirmed.*

The case was submitted on briefs.

*Michael Anton Laurano* for the defendant.

*Francis X. Bellotti,* Attorney General, & *William D. Luzier, Jr.,* Assistant Attorney General, for the Commonwealth.