COMMONWEALTH *vs.* ANTHONY GARAFOLO. November 12, 1986. *Armed Assault With Intent to Rob. Kidnapping. Practice, Criminal,* Severance, Required finding, Argument by counsel, Argument by prosecutor, Duplicitous convictions, Sentence.

Two occurrences — the first beginning on November 29, 1984, and the second taking place twelve days later, on December 11, 1984 — led to six indictments against the defendant. The charges were tried together before a jury in the Superior Court. Conviction resulted on all six charges.[1]

---

[1] The defendant's conviction of operating a motor vehicle after suspension of his license was placed on file with his consent and thus is not before us.

We summarize the evidence on both sets of charges.

*Events of November 29, 1984, and thereafter.* The defendant was left alone while visiting a friend at her apartment. While alone, he took her car keys off the kitchen table and then went into her bedroom and took a ten-dollar bill and an automatic teller machine card from her pocketbook. When his friend returned, the defendant had left with her car and her bank card. She immediately notified the bank and police. Her bank statement for November showed three automatic teller machine withdrawals, totaling $545, that she had not made. On November 30, the defendant called her and boasted that he had her car and her bank card. Pictures were introduced in evidence showing the defendant operating an automatic teller machine on the dates of the withdrawals. (The pictures were taken by bank surveillance cameras which monitored the use of the machines.) These events led to the first set of indictments, charging the defendant with larceny of a motor vehicle and larceny of over $100.

*Events of December 11, 1984.* On this day, the defendant was driving his friend's car in East Longmeadow, accompanied by a friend, James Wolfe. The defendant and Wolfe saw the victim, a young man, walking along the street. They pulled alongside him. Wolfe told the victim that he and the defendant were narcotics officers, and he ordered the victim into the car. When the victim asked to see identification, Wolfe pointed what appeared to be a handgun at the victim and again ordered him into the car. This time the victim complied.

The three men drove around East Longmeadow for about twenty or thirty minutes. The defendant and Wolfe then demanded money from the victim. When he denied that he had any money they searched his wallet. Although there was no money in the wallet, the victim did have money on his person. However, Wolfe and the defendant were content to examine the wallet and let the victim go. Wolfe warned the victim that he would shoot him if he looked back, to which the defendant added that the victim would only be shot in the leg. The victim left and immediately called the police. About thirty minutes later, Wolfe and the defendant were stopped and arrested. When stopped, the defendant was driving the car, even though his license had been suspended. When the defendant's friend retrieved her car, she found the "handgun" used to threaten the victim hidden behind the back seat. The "handgun" turned out to be a realistic toy. (So realistic that it even fooled the trial judge, who, when he saw it, directed the prosecutor to "[b]reak . . . the clip"). At trial, the victim testified that he believed that the toy handgun had been real and operational. These events led to the second set of indictments, charging the defendant with operating a motor vehicle after suspension, impersonating a police officer, kidnapping and armed assault with intent to rob.

1. *Severance.* The defendant's motion to sever the two sets of indictments (see Mass.R.Crim.P. 9[d], 378 Mass. 860 [1979]) was denied after a hearing, and it is argued on appeal that the denial constituted prejudicial

error. It may be enough to justify the judge's order denying separate trials (a question which rested in the judge's sound discretion, *see Commonwealth* v. *Jervis,* 368 Mass. 638, 645 [1975]), to point out: (a) that the evidence pertaining to the theft of the car and the discovery of the toy weapon therein would have come in as evidence in the prosecution of the second set of indictments; (b) that in the *Jervis* case, *supra,* a similar set of facts (theft of a car, its use in a robbery, single trial of all charges) was found to warrant a denial of severance; and (c) that the defendant's motion to sever made no attempt to break off the larceny of the funds obtained with the purloined bank card from the indictment charging larceny of the car. There is no need to dwell on the issue, for we can discern no prejudice to the defendant by the single trial. Specifically, we can discern no confusion in his defense, no real risk that the jury might use the evidence of one set of crimes to infer guilt on the other set, and no chance that the jury might cumulate the evidence of the various crimes and find guilt when, if the two sets of crimes had been considered separately, the jury would not have so found. In the last analysis, the evidence of the defendant's guilt on all the charges is substantial, and no real issue as to innocence was raised at trial. On the whole record, we are satisfied that any possible error was harmless beyond a reasonable doubt. See *United States* v. *Lane,* 476 U.S. 438 (1986).

2. *Required finding.* The motion for a required finding of not guilty on the charge of armed assault with intent to rob was properly denied. To convict on that charge, the prosecution was not required to prove that the victim had been put in fear by the toy gun (although such a conclusion reasonably can be inferred from the victim's testimony). The offense was one for the jury based on the testimony that warranted findings: (a) that the defendant, as part of a joint venture, had assaulted the victim with a danger-ous weapon (a toy gun suffices if the victim believes it to be real, see *Commonwealth* v. *Henson,* 357 Mass. 686 [1970]; *Commonwealth* v. *Tar-rant,* 367 Mass. 411, 415-416 [1975]; *Commonwealth* v. *Perry,* 6 Mass. App. Ct. 531, 533-536 [1978]; *Commonwealth* v. *Nicholson,* 20 Mass. App. Ct. 9, 17 [1985]); and (b) that he had or shared an intent to rob the victim. See Nolan, Criminal Law § 323 (1976).

3. *Prosecutor's closing.* The two portions of the prosecutor's closing argument criticized on appeal by the defendant's new counsel appear to have been made in response to remarks in the closing argument of the defendant's trial counsel. In context, the prosecutor's remarks may well have been proper. No objection was made to them at the time they were made. In any event, the remarks dealt entirely with collateral matters. "When improper remarks by the prosecutor raise possible improper infer-ences with respect to collateral . . . issues in the face of strong evidence against the defendant . . . such statements alone do not present sufficient reason to upset the verdict." *Commonwealth* v. *Nordstrom,* 364 Mass. 310, 316 (1973). See also *Commonwealth* v. *Harris,* 11 Mass. App. Ct. 165, 176 (1981).

4. *Alleged duplicitous character of offense*. We reject the defendant's argument that the convictions for armed assault with intent to rob and kidnapping are duplicitous. The evidence, viewed in the light most favorable to the Commonwealth, shows sufficient foundation for an independent kidnapping conviction. The victim of this offense was driven around by the defendant and Wolfe for twenty minutes or longer and then left some distance from where they had picked him up. There was evidence to permit a reasonable inference that the robbery attempt occurred only at the end of the ride. The substantive crime of armed assault with intent to rob could have been committed without the added confinement. As a result, the evidence was sufficient to warrant the jury in finding a kidnapping separate and apart from the armed assault with intent to rob. See *Commonwealth* v. *Rivera*, 397 Mass. 244, 252-254 (1986); *Commonwealth* v. *Vasquez*, 11 Mass. App. Ct. 261, 267-268 (1981); *Commonwealth* v. *Sumner*, 18 Mass. App. Ct. 349, 352-353 (1984).

5. *Alleged vindictiveness in sentencing*. The judge conducted a lengthy sentencing hearing and considered the defendant's extensive prior record as well as the facts of the various crimes involved here. The judge received testimony at the sentencing proceeding favorable to the defendant. The sentences given were well within the limits imposed by the various statutes. We find no indication in the record that the judge may have imposed greater punishment on the defendant for electing a trial by jury. The fact that Wolfe entered guilty pleas and received lighter sentences raises no inference of vindictiveness. The other contention offered to support the argument of vindictiveness (to the effect that the judge mistook the toy handgun as a real weapon and suggested to the jury that it was real) puzzles us. As best we can understand the argument, it is frivolous.

*Judgments affirmed.*

*Richard Abbott* for the defendant.

*William T. Walsh, Jr.*, Assistant District Attorney, for the Commonwealth.