The defendant, Peter J. Donovan, appeals from a judgment of the Superior Court dated March 8, 2016, in which the court determined that the "Mediation Settlement Agreement" reached by the parties on the day prior to trial "is valid and enforceable and the parties are bound by the settlement between the parties on November 19, 2015." We affirm.
Background. In 2014, the plaintiff, Joseph Callanan, commenced an action in Superior Court against Donovan alleging the defendant breached an oral contract of employment. Prior to trial, the parties, who were each represented by counsel, participated in mediation and reached an agreement which is part of the record on appeal.[2] The following day, November 20, 2015, the court entered an order of dismissal nisi that included an order that a written agreement or stipulation must be filed by the parties on or before December 21, 2015.
Within days of the November 20 order by the court, Donovan, representing himself, filed a series of motions in an effort to vacate the settlement agreement and restore the case to the trial calendar. These motions were denied.
Analysis. It is a basic principle of appellate procedure that the party appealing from an order bears the burden of providing the court with a sufficient record to demonstrate the existence of an alleged error. See Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), reversed in part on other grounds, 411 Mass. 807, 812 (1992). See also Brossard v. West Roxbury Div. of the Dist. Ct. Dept., 417 Mass. 183, 184 (1994) (noting pro se litigants are not excused from complying with rules of appellate procedure). Specifically with respect to the record appendix submitted on appeal, Mass.R.A.P. 18(a), as amended, 425 Mass. 1602 (1997), provides: "[t]he appellant shall prepare and file an appendix to the briefs. In civil cases, the appendix shall contain ... parts of the record to which the parties wish to direct the particular attention of the court."
Donovan has failed to comply with rule 18(a) by neglecting to include those relevant parts of the record to which he directs the attention of the court. For example, Donovan's principal argument set forth in his brief is that although the parties came to an "initial" agreement during the mediation, he was told that it would not be final for thirty days during which time he could "revise or walk away" from it. Thus, he contends that the Superior Court judge erred in not vacating the agreement as he requested in his motions. However, Donovan has not provided us with any documentation or evidence to support these fact-based claims, including the several motions he apparently filed that are referenced on the docket.[3] Without this material, we are unable to assess the arguments made by Donovan in his brief. See Arch Med. Assocs., Inc. v. Bartlett Health Enterprises, Inc., 32 Mass. App. Ct. 404, 406 (1992).
Donovan's appeal is procedurally defective for another reason. Rule 4(a) of the Massachusetts Rules of Appellate Procedure, as amended, 464 Mass. 1601 (2013), nullifies a notice of appeal when it is filed before the disposition of "motions to alter or amend a judgment" or "motions for a new trial." Ibid. The defendant in this case filed his notice of appeal on March 17, 2016. The next day, he filed a motion to remove judgment and a motion for a new trial in Superior Court. Neither motion was disposed of until March 30, 2016. Under rule 4(a), the defendant's March 17 notice of appeal has "no effect" because it was filed before the disposition of the two motions filed on March 18, 2016. Ibid.
Notwithstanding these procedural defects, we conclude that Donovan is not entitled to relief on the merits. As noted earlier, Donovan contends that he had the right to cancel the settlement agreement within thirty days of its execution. The agreement, however, makes no reference to such a provision, and, in addition, contains a merger clause that states: "[The agreement] contains the entire agreement between the Parties with regard to the matters set froth [sic ] in it ...."[4] Merger clauses will be enforced unless it is shown there was intentional misrepresentation or other intentional misconduct. See Sound Technologies, Inc. v. Hoffman, 50 Mass. App. Ct. 425, 429-434 (2000). Here, Donovan does not allege intentional misrepresentation or misconduct on the part of Callanan, nor does the record support such an allegation. We therefore conclude that Donovan has failed to present us with a record supporting his allegations of errors made below, that the settlement agreement in the record represents the entire agreement between the parties, and that the judge did not err in denying Donovan's motions.
Conclusion. For the aforementioned reasons, the judgment of the Superior Court dated March 8, 2016, is affirmed.
So ordered.
Affirmed.

In his brief, Donovan states that he departed the mediation session early to attend another business meeting, and his attorney signed the agreement on his behalf. The settlement agreement and release document is signed by defendant's counsel under power of attorney. The attorney in question was allowed by the court to withdraw from representation of Donovan, and there is no affidavit from counsel in the record.

The defendant, in his "Statement of Issues," contends the Superior Court violated his constitutional rights by allowing the parties to participate in mediation the day of the trial. He also alleges the Commonwealth is liable because it was responsible for the mediator who oversaw the process. Neither issue was briefed, however, and both are treated as waived. See Commonwealth v. Gallo, 6 Mass. App. Ct. 650, 650 n.1 (1978).

The only timeline referenced in the text of the agreement is a clause that requires the parties to execute the terms within thirty days. One such term included in the agreement requires the parties to file a stipulation that dismisses the underlying action with prejudice.