COMMONWEALTH *vs.* JESUS M. MONTANÈZ.

Suffolk.  December 10, 1982. — April 1, 1983.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Constitutional Law,* Double jeopardy, Waiver of constitutional rights.
*Waiver.  Practice, Criminal,* "Two-tier" court system.  *Supreme
Judicial Court,* Superintendence of inferior courts.

On appeal from an order of a single justice denying relief under G. L.
c. 211, § 3, to a criminal defendant who claimed that a de novo trial in
a District Court jury session, following his conviction on various
charges in a bench trial, would place him twice in jeopardy, the record
was inadequate to permit review of his claim that the evidence in the
bench trial was insufficient to support his convictions. [604-605]
This court announced that hereafter a criminal defendant, in order to
elect an immediate bench trial in a District Court, rather than pro-
ceeding to trial in a jury session, must waive whatever right he has to
assert a claim that a subsequent jury trial would place him twice in
jeopardy. [605]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on June 18, 1982.

The case was heard by *Liacos,* J.

*Richard A. Cutter* for the defendant.

*Muriel Ann Finnegan,* Assistant District Attorney, for the
Commonwealth.

NOLAN, J.  In the Chelsea Division of the District Court
Department the defendant was charged with breaking and
entering a building in the nighttime with intent to commit
larceny, larceny of property valued at more than $100 and
wanton destruction of personal property valued at less than
$100.  The defendant filed a written waiver of his right to
an immediate jury trial which is required before a defend-
ant may be tried by the court without a jury (bench trial).
G. L. c. 218, § 26A.

After a bench trial, he was found guilty of all offenses and was sentenced. He appealed to the jury of six session of the Boston Municipal Court Department and, when the case was called for trial, he moved to dismiss on the ground that the evidence on which his convictions rested was insufficient and that, therefore, another trial would violate the constitutional prohibition against double jeopardy. The motion was denied. A single justice of this court denied relief under G. L. c. 211, § 3, from which denial the defendant now appeals.

In *Lydon* v. *Commonwealth*, 381 Mass. 356 (1980), cert. denied, 449 U.S. 1065 (1980), this court was asked to declare that, on a procedural fact pattern closely similar to this case, a jury trial would constitute double jeopardy. A majority of the court declined to hold this second trial to be double jeopardy. After oral argument of the case before us, the United States Court of Appeals for the First Circuit held, by a divided court, that Lydon had a viable claim of double jeopardy. See *Lydon* v. *Boston Municipal Court*, 698 F.2d 1 (1st Cir. 1982).

Though we always treat their decisions with deference, we are not bound by decisions of Federal courts except the decisions of the United States Supreme Court on questions of Federal law. *Commonwealth* v. *Masskow*, 362 Mass. 662, 667 (1972). If it were necessary in this case to do so, we would follow the principle which we announced in *Commonwealth* v. *Hill*, 377 Mass. 59, 61-62 (1979), and *Commonwealth* v. *Masskow*, *supra*, and assume without deciding that the Federal *Lydon* decision reached a correct result under Federal law, although we do not accept, even as assumption, everything that is said in the opinion. We would take this course because our decision is reviewable in habeas corpus proceedings in a United States District Court which would be bound by the Federal *Lydon* decision. However, we need not travel this far because the transcript in this case is so deficient that we are in no position to rule on the sufficiency of the evidence. It is the defendant's burden, as appellant, to bring us a satisfactory transcript.

Mass. R. A. P. 18 (a), as appearing in 378 Mass. 940 (1979). He has failed in this important particular. Therefore, we affirm the order of the single justice denying relief.

A majority of the quorum think the issue of waiver should be made firm and, therefore, we declare, "in aid of sound judicial administration, that from the issuance of a rescript upon this opinion, twenty-eight days hence" (*Ciummei* v. *Commonwealth*, 378 Mass. 504, 509 [1979]), a waiver of a claim of double jeopardy shall be obtained at the same time as the "written waiver and consent to be tried by the court without a jury" is obtained. See G. L. c. 218, § 26A. We perceive no constitutional obstacle to this course because of the benefit of two trials, if necessary, which the defendant receives in exchange for his waiver. *Lydon* v. *Boston Municipal Court*, 698 F.2d 1 (1st Cir. 1982). There the court acknowledged the reasonableness of such a waiver, but it did not agree that Lydon had knowingly and intentionally waived his right to claim double jeopardy. *Id.* See *Johnson* v. *Zerbst*, 304 U.S. 458, 464 (1938). We recognized the validity of this approach in *Commonwealth* v. *Edgerly*, 372 Mass. 337, 345 (1977) in which we held that a defendant in a criminal case may be compelled to make pretrial disclosure of an alibi defense in exchange for disclosure by the Commonwealth of the "names and addresses of witnesses on whom the prosecutor intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses." The exchange in the instant case — a de novo trial for a waiver of a claim of double jeopardy — is fair. The balance is not skewed in favor of the Commonwealth at the defendant's expense. The defendant is not compelled to waive his right to assert a claim of double jeopardy. He may proceed directly to a trial in a jury of six session if he chooses not to waive, and, from an adverse verdict or finding in such session, he may follow the established route for appellate review of all questions of law, including the question of the legal sufficiency of the evidence.

The order of the single justice is affirmed. Further proceedings are to be had in the jury of six session of the Boston Municipal Court Department.

*So ordered.*