COMMONWEALTH *vs.* CYNTHIA HUNT. June 10, 1986. *Practice, Criminal,* Appeal, Transcript of evidence. *Controlled Substances. Probable Cause. Evidence,* Other offense, Relevancy and materiality.

The defendant was convicted by a six-man jury of possession of fireworks and possession of a controlled substance with intent to distribute. Her appeal (through new counsel) having been hindered by an incomplete transcript,[1]

---

[1] Alan S. Till was the husband of Anne H. Till. Other plaintiffs were Barbara Lynn Till and Mark David Till, children of Alan S. Till and Anne H. Till.

[1] The transcript provided by a District Court begins in the middle of testimony by one of the investigating police officers. It includes the full testimony of one other police officer before the Commonwealth rested; the arguments of counsel on a motion for directed verdict; the complete testimony of Cynthia Hunt and part of her husband's testimony. It also reflects the admission in evidence of the exhibits mentioned below.

the defendant, after several stays, moved for a new trial. That motion was denied by the same judge who had presided at the trial.

After oral argument in this court we remanded the case to the District Court to provide an opportunity for reconstruction of the record pursuant to *Commonwealth* v. *Harris,* 376 Mass. 74, 79 (1978), or Mass.R.A.P. 8(c), as appearing in 378 Mass. 932 (1979). Upon hearing, the trial judge determined that complete reconstruction would not be possible but that, in any event, no articulable claim had been made as to what the missing portion of the transcript might provide. He based this conclusion on his consultation with previous counsel and review of his trial notes. He was, of course, in a unique position to evaluate the adequacy of the transcript. Cf. *Commonwealth* v. *McWhinney,* 20 Mass. App. Ct. 444, 447 (1985).

The defendant has apparently been content to leave the major reconstruction effort to the court. She has submitted no affidavit which either outlines steps taken to formulate her own reconstruction under Mass.R.A.P. 8(c) or demonstrates the impossibility of such a task under *Harris, supra.* The *Harris* guidelines are not designed to result in a record complete enough to dissect in the hope of discovering hitherto unnoticed issues or errors. *Commonwealth* v. *Sheffield,* 16 Mass. App. Ct. 342, 349 (1983). We thus conclude that the defendant's inability to articulate additional issues, after ample opportunity to reconstruct, amounts to a waiver of additional claims. See *Commonwealth* v. *Bottiglio,* 357 Mass. 593, 597 (1970); *Commonwealth* v. *Chatman,* 10 Mass. App. Ct. 228, 231-232 (1980).

Because trial counsel is not available,[2] we have evaluated the sufficiency of the record, and its contents, in light of those claims which the defendant has raised on appeal. In the interest of fairness, we have considered arguments even though they were based partly on speculation. We affirm the convictions and the trial judge's denial of the motion for a new trial.

1. *Motion for a required finding.* The defendant argues that a new trial is required because the missing portions of the transcript would show that the defendant's motion for a required finding on the issue of intent to distribute should have been allowed. All of the Commonwealth's case admittedly is not in the record. Nevertheless, it contains enough as a threshold matter to withstand this motion. First, a police officer testified that Cynthia Hunt admitted ownership of drugs seized from her home.[3] Second, the record discloses that the exhibits admitted in evidence at that point consisted of twenty-four bags, each containing from one-half to one ounce of marihuana, three scales, and other drug paraphernalia. Possession with intent to distribute can be inferred from the defendant's statement

---

[2] Former counsel no longer resides in Massachusetts.

[3] The Hunt home had been searched earlier in the evening, pursuant to a search warrant, and the defendant's husband had been arrested. Shortly after his arrest, the defendant came to the station and voluntarily talked to the officer after Miranda warnings were given. The defendant's trial attorney conceded possession.

coupled with the quantity and the packaging of the drug. *Commonwealth* v. *Scala,* 380 Mass. 500, 511 (1980). *Commonwealth* v. *Bongarzone,* 390 Mass. 326, 349 (1983).

2. *Probable cause.* In a related argument, the defendant asserts that her statements did not provide probable cause for the issuance of a complaint against her because they were obtained illegally. We disagree. The record shows that she was not a suspect, was not restrained, and was not the target of custodial interrogation, either during the search of her home or when she came (on her own initiative) to the station on the evening of August 28, 1981. See note 3, *supra.* Her admission that the drugs belonged to her is enough by itself to support a finding of probable cause. See *Commonwealth* v. *Stewart,* 358 Mass. 747, 749 (1971).

3. *Evidence of prior criminal behavior.* Finally, the defendant claims that the judge should not have allowed a line of questioning (during cross-examination) which resulted in her admitting prior drug use.[4] In the absence of "palpable error," we accept the opinion of the trial judge that the probative value of the testimony outweighed any prejudicial effect. See *Commonwealth* v. *Young,* 382 Mass. 448, 462-463 (1981). She admitted using a scale to "split up the pot." Knowledge, and the means to package, are both highly relevant to proving intent to distribute. *Commonwealth* v. *Monsen,* 377 Mass. 245, 252 (1979). Cf. *Commonwealth* v. *Poor,* 18 Mass. App. Ct. 490, 493 (1984). We note that defendant's objection came too late to avoid whatever prejudicial effect was caused by the defendant's testimony.

---

[4] The relevant exchange is as follows:

THE PROSECUTOR (showing the defendant one of the scales seized from her house): "I'm going to ask you to look into this area here, can you see that material there?"

A. "Yeah."

Q. "It's a green vegetable like substance?"

A. "Yeah."

Q. "Do you have any idea how that got in that scale?"

A. "Yes, I do."

Q. "And how's that?"

A. "From me using it."

Q. "Okay. You can sit down now. From you using for what, ma'am?"

A. "To split up the pot."

Q. "To split up pot?"

A. "Yes."

Q. "To split it up into what, ma'am? What do you mean by, 'split up pot' "?

A. "To split up a bag of pot."

Q. "Okay. To split up how big a bag of pot?"

DEFENSE COUNSEL: "Objection, Your Honor. I don't see the relevancy of how big a bag of pot."

"  . . . .

THE PROSECUTOR: "Are we talking, ma'am, when you say splitting up a bag of pot . . . . Do you mean —"

A. "To share amongst friends a bag of pot, you know? . . . a[n] ounce bag."

The defendant's assertion that this line of questioning was the only possible basis for a guilty verdict ignores both the exhibits and the testimony already discussed.

*Judgments affirmed.*
*Order denying motion for a*
*new trial affirmed.*

The case was submitted on briefs.

*F. Steven Triffletti* for the defendant.

*William C. O'Malley,* District Attorney, *& Ann E. Rascati,* Assistant District Attorney, for the Commonwealth.