COMMONWEALTH *vs.* MELVIN WOODY. No. 97-P-2400. July 10, 1998. *Practice, Criminal*, Record. *Evidence*, Inference. *Motor Vehicle*, Receiving stolen motor vehicle. *Receiving Stolen Goods*. Further appellate review granted, 428 Mass. 1107 (1998).

The defendant appeals from his conviction of receiving a stolen motor vehicle (G. L. c. 266, § 28). He claims that the evidence that the motor vehicle was stolen and the evidence that he knew it was stolen were insufficient as matter of law. We affirm the defendant's conviction.

1. *Gap in the record.* The Commonwealth argues that the record, which contains a gap in the testimony of one of the witnesses, Richard Pozner, should lead us to decline to reach the merits of the defendant's claim on the ground that he has not provided a complete record from which it can be evaluated. Not only does the record, as we discuss below, contain sufficient evidence to support the jury's verdict, but we consider the Commonwealth's contention concerning the record contrary to the efficient and just resolution of a criminal case. See Mass.R.Crim.P. 2(a), 378 Mass. 844 (1979). As the Commonwealth concedes, when the claim is made that there is insufficient evidence to sustain a conviction, and the transcript through no fault of the defendant contains material lacunae, an appellate court will remand to have the content of the record settled in accordance with Mass.R.A.P. 8(c)-(e), 378 Mass. 933-934 (1979). Since insufficient evidence to support a conviction always presents a substantial risk of a miscarriage of justice, the Commonwealth would be well advised in any case in which the claim is made in the defendant's brief that there is insufficient evidence to support the conviction not to resist that argument on the basis that the defendant has failed in his or her duty to present an adequate record. Rather than oppose the appeal on the ground that the record is inadequate, in the interest of justice — particularly when the defendant is incarcerated — and in the interest of efficiency, the Commonwealth itself should initiate the procedure for settling the record under rule 8.

2. *Sufficiency of the evidence.* Richard Pozner, the person in charge of keeping account of the fleet of Avis rental cars, explained that Avis keeps track of cars by number — each car has a bar code with a seven-digit number on the rear or left rear window. He also described the keys to Avis cars which, for convenience, are routinely left in the ignition when the vehicles are in the Avis lots. Each car has a key ring with a plastic piece with, on the front, the name of Avis and, on the back, a description of the car and the license plate number. He testified that sometime after January 26, 1996, a 1995 Dodge Intrepid, chestnut red in color, was no longer accounted for at Logan Airport where it should have been. He reported the car stolen to the State police on or about March 15, 1996.

An officer of the Boston police department testified that on May 20, 1996, he saw the defendant, whom he knew, operating a motor vehicle. He made inquiry on a special channel that permits the police to determine whether a car is registered, whether it is stolen, etc. On the basis of the response he received, he continued to follow the defendant, who was driving a Dodge Intrepid car, and stopped him. The officer "confirmed the fact that the status of the car was what [h]e thought it was," and arrested the defendant. The vehicle did not

contain a copy of any lease agreement and contained no items linking its ownership to the defendant.

In May, 1996, Pozner was notified by the State police that the car had been recovered. He went to see the car, and it "had body damage on the hood, it had body damage all around the car and all the panels . . . it looked like it had been through the mills, rather beat on." There was no damage to the ignition. Pozner testified, on the basis of his six-week investigation and his observation of the car, it had been stolen.

Viewed in the light most favorable to the Commonwealth, the evidence was sufficient to meet the standard of *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979). Contrary to the defendant's contention, there was direct evidence from Pozner that the car had been stolen sometime after January and recovered in May after the police had found the defendant driving it.

While there was not direct proof of the defendant's knowledge that the car was stolen, such proof is rare, and knowledge may be inferred from the circumstances, including the possession of a recently stolen car. See *Commonwealth* v. *Kirkpatrick*, 26 Mass. App. Ct. 595, 600-601 (1988). "An inference drawn from circumstantial evidence 'need only be reasonable and possible, it need not be necessary or inescapable.' " *Commonwealth* v. *Roman*, 427 Mass. 1006, 1007 (1998). Here, the jury were entitled to infer — from the defendant's driving of a recently stolen car, from the Avis bar code and keys,[1] the "beat up nature" of the relatively new (1995) car, and the absence of a leasing agreement or other indicia of the defendant's ownership or authority to drive the car — that the defendant "either knew or believed [the] [car] was stolen property." *Commonwealth* v. *Kirkpatrick*, *supra* at 599.

*Judgment affirmed.*

*Richard N. Foley* for the defendant.
*Amanda Lovell*, Assistant District Attorney, for the Commonwealth.

---

[1]Although there was no direct testimony that the Avis tag was still on the keys, the defendant had keys to the car and nothing suggests the tag had been removed.

