COMMONWEALTH *VS.* MELVIN WOODY.

Suffolk. February 1, 1999. - March 2, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Practice, Criminal,* Recording of proceedings, Transcript of hearing. *Rules of Appellate Procedure. Receiving Stolen Goods.*

Discussion of the respective responsibilities of the appellant and appellee to settle the record of a criminal appeal under Mass. R. A. P. 8, so that the record is adequate for appellate review [96-97], and, in particular, in circumstances in which the proceedings were electronically recorded on equipment under control of the court and in which there is a gap in the recording [97-99].

The evidence in the record of a criminal trial was insufficient to support the defendant's conviction of receiving a stolen motor vehicle, and the defendant was entitled to a judgment of acquittal. [99-100]

COMPLAINT received and sworn to in the Roxbury Division of the District Court Department on May 21, 1996.

The case was tried before *Gregory L. Phillips,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Richard Nolan Foley* for the defendant.

*Jane A. Sullivan,* Assistant District Attorney, for the Commonwealth.

MARSHALL, J. The defendant was convicted by a jury of six in the District Court of receiving a stolen motor vehicle (G. L. c. 266, § 28). The evidence consisted of the testimony of two prosecution witnesses and exhibits. The proceeding was recorded electronically. A transcript prepared from the audio cassettes contains a gap in the testimony of one of the witnesses, Richard Pozner. In his brief to the Appeals Court, the defendant claimed that the evidence was insufficient to support the verdict. The Commonwealth did not address the merits of that claim. Rather, it maintained that the record was inadequate to review the claim because of the gap in the transcript. The Appeals Court affirmed the judgment. *Commonwealth* v. *Woody,* 45

Mass. App. Ct. 906 (1998). The court concluded that the evidence was sufficient to meet the standard of *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), notwithstanding the missing testimony. However, in dictum the court advised the Commonwealth in the future to initiate proceedings to settle an incomplete record where there is a gap in a transcript through no fault of the defendant. We granted the applications of both parties for further appellate review.

1. *Gap in the record.* In part one of its rescript opinion, the Appeals Court criticized the Commonwealth's approach, stating that it was "contrary to the efficient and just resolution of a criminal case." *Woody, supra* at 906. The Commonwealth challenges that conclusion and the accompanying dictum that, it claims, shifts the burden to it, as the appellee in a criminal appeal, to ensure that the appellate court has a record that is adequate to review the appellant's claims.[1]

At first blush, there appears to be much to commend the approach of the Appeals Court for encouraging the Commonwealth, in circumstances such as these, to initiate the process for settling the record. It leads to a resolution of the case on its merits and saves considerable time if it turns out that the appellate court, after briefing and oral argument, remands the case to the trial court for the purpose of settling the record. See *Commonwealth* v. *Harris*, 376 Mass. 74, 77-78 (1978); *Commonwealth* v. *Hunt*, 22 Mass. App. Ct. 932, 933 (1986). It also protects the appellate rights of a defendant whose counsel may be less than diligent in ensuring that the record is settled.[2] We nevertheless conclude that it is not appropriate in all such

---

[1]The opinion states in relevant part:

> "Since insufficient evidence to support a conviction always presents a substantial risk of a miscarriage of justice, the Commonwealth would be well advised in any case in which the claim is made in the defendant's brief that there is insufficient evidence to support the conviction not to resist that argument on the basis that the defendant has failed in his or her duty to present an adequate record. Rather than oppose the appeal on the ground that the record is inadequate, in the interest of justice — particularly when the defendant is incarcerated — and in the interest of efficiency, the Commonwealth itself should initiate the procedure for settling the record under [Mass. R. A. P.] 8."

*Commonwealth* v. *Woody*, 45 Mass. App. Ct. 906, 906 (1998).

[2]If an appellate counsel's lack of diligence in completing the record has prejudiced an appeal, a defendant could move for a new trial based on ineffec-

circumstances to shift the burden to the appellee to settle the record, as the broad language of the Appeals Court opinion suggests.

On several occasions we have stated that it is the appellant's responsibility to ensure that the record is adequate for appellate review. See, e.g., *Commonwealth* v. *Robicheau*, 421 Mass. 176, 184 n.7 (1995); *Commonwealth* v. *Woods*, 419 Mass. 366, 371 (1995). The record includes the transcript. Mass. R. A. P. 8 (a), as appearing in 378 Mass. 932 (1979). In at least two opinions we have declined to address claims concerning the sufficiency of the evidence, similar to the defendant's claims in this case, where the appealing party did not present a transcript adequate to review those claims. See *Commonwealth* v. *Dunnington*, 390 Mass. 472, 479 (1983); *Commonwealth* v. *Montanez*, 388 Mass. 603, 604 (1983).[3] We did not remand those cases for reconstruction of the record, nor did we suggest that the Commonwealth bore any burden with respect to reconstruction. See *Commonwealth* v. *Yesilciman*, 406 Mass. 736, 740 n.5 (1990) (noting that "[b]ecause [the defendant] failed to include the warrant affidavit in the record, any issues relating to it are deemed waived"); *Commonwealth* v. *Bernier*, 366 Mass. 717, 720 (1975) (declining to address issues raised by the defendant, where he did not include "in a record on appeal all of the evidence, facts or information pertinent to the issue[s]"). See also *Commonwealth* v. *Burns*, 43 Mass. App. Ct. 263, 268 n.5 (1997) (noting that "[u]sually" the appellant's failure to include a challenged order in the record appendix "would prevent our review," but nevertheless proceeding to address the issue "because the . . . order has been provided by the Commonwealth").

Rule 8 (b) (3) of the Massachusetts Rules of Appellate Procedure, as appearing in 388 Mass. 1106 (1983), governs "proceedings which were recorded electronically on equipment under the control of the court and which were not recorded by an official court reporter." Unless a portion or a complete transcript of the electronic recording has been produced for use

---

tive assistance of appellate counsel. See *Commonwealth* v. *Richard*, 398 Mass. 392 (1986). That, however, is a circuitous and more time-consuming process.

[3]*Commonwealth* v. *Dunnington*, 390 Mass. 472 (1983), and *Commonwealth* v. *Montanez*, 388 Mass. 603 (1983), involved issues of sufficiency of the evidence in the context of double jeopardy claims. *Dunnington*, like this case, was an appeal from a conviction. *Montanez* was an appeal from a denial by a single justice of a petition for relief under G. L. c. 211, § 3.

by the trial court, it is the duty of the appellant to arrange for a transcription of the cassette. See Mass. R. A. P. 8 (b) (3) (ii). While rule 8 (b) (3) is "quite detailed because judges, clerks, and lawyers have complained about a lack of specificity with respect to the utilization of cassettes on appeal," Reporters' Notes [1983] to Mass. R. A. P. 8 (b) (3), Mass. Ann. Laws, Appellate Procedure, at 46 (Lexis 1997), the rule is silent concerning the appropriate action to be taken by the appellant in the event there is a gap in the transcription through no fault of his and the appellant concludes the gap is not material to his claims.[4]

Gaps or inaudible portions of a tape recording are most closely governed by Mass. R. A. P. 8 (e), as appearing in 378 Mass. 932 (1979), providing that, "[i]f anything material to either party is *omitted from the record by error or accident* or is misstated therein, the parties by stipulation . . . may direct that the omission or misstatement be corrected . . ." (emphasis added). That paragraph directs the parties, jointly, to correct or modify the record. The language places no burden on the appellant to do any particular act where, as here, the appellant takes the position that nothing material is omitted. Because "[a] major purpose [of rule 8 (b) (3)] is to facilitate a speedy appeal," Reporters' Notes [1983] to Mass. R. A. P. 8 (b) (3), *supra*, and because we agree with the Appeals Court that it is "contrary to the efficient and just resolution of a criminal case" to dismiss an appeal where there is a gap in the transcript through no fault of either party, *Commonwealth* v. *Woody, supra* at 906, a less cumbersome procedure is in order.

In a case in which an electronic recording contains gaps or inaudible portions, the appellant may determine if the omissions are material, in which event the appellant has the burden to settle the record as provided in Mass. R. A. P. 8 (c) and (e). If the gaps or inaudible portions are not material to the appellant, the appellant may serve on the appellee a copy of the available transcription with a statement that the transcription is accept-

---

[4]Rule 8 (c) and (e) of the Massachusetts Rules of Appellate Procedure, as appearing in 378 Mass. 932 (1979), promulgated before rule 8 (b) (3) was added in 1983 to deal with tape-recorded proceedings, provides for the content of the record to be settled when there is "no report of the evidence," if "a transcript is unavailable," or "[i]f any difference arises as to whether the record truly discloses what occurred in the lower court. . . ." Those provisions do not expressly apply to the circumstance of a gap in a tape-recorded transcript of a proceeding.

able, whereupon the appellant shall have no further obligations under Mass. R. A. P. 8 (b) (2), as amended, 397 Mass. 1230 (1986), or rule 8 (b) (3). If the appellee determines that the transcription is inadequate and that a supplemental record is required, the burden shall be on the appellee to settle the record in accordance with the provisions of Mass. R. A. P. 8 (c) and (e). Nothing we say disturbs our previous rulings concerning the responsibility of an appellant to ensure that the record is adequate for appellate review. See, e.g., *Commonwealth* v. *Robicheau, supra* at 184 n.7; *Commonwealth* v. *Woods, supra* at 371. If the appellant determines that an incomplete transcription of an electronically recorded proceeding is adequate for appellate review of his claims, the appellate court may nevertheless decline to consider his claims if it determines, in its judgment, that the transcript is not adequate. See *Commonwealth* v. *Dunnington, supra*; *Commonwealth* v. *Montanez, supra*.

2. *Sufficiency of the evidence.* In Part 2 of its opinion the Appeals Court concluded that the evidence in the record before it, albeit incomplete, was sufficient to support the conviction. *Commonwealth* v. *Woody, supra* at 906-907. We do not reach the same conclusion. The defendant raises two issues: that the evidence was insufficient to warrant a finding that the automobile he was driving was the same automobile that had been reported stolen by its owner; and that the evidence was insufficient to warrant a finding that he knew or reasonably should have known that the automobile was stolen. The Appeals Court did not dwell on the first, noting only "there was direct evidence from Pozner that the car had been stolen sometime after January and recovered in May[5] after the police had found the defendant driving *it*" (emphasis added). *Commonwealth* v. *Woody, supra* at 907. There is, however, nothing in the record to establish that when the defendant was arrested he was driving "it," i.e., the Avis Rent-A-Car car.

The evidence that the defendant "either knew or believed" that the car he was driving at the time of his arrest "was stolen

---

[5]Richard Pozner, the keeper of records in the security department of Avis Rent-A-Car (Avis), testified that he had conducted an investigation to determine the whereabouts of a 1995 Dodge Intrepid automobile, chestnut red in color with four doors, over a six-week period, before coming to the conclusion that the car had been stolen, whereupon he filed a report with the State police at Logan Airport. He later testified that he had seen "this car" sometime after he had filed the report and that he saw "this car" when notified by the State police at the airport.

property," *Commonwealth* v. *Kirkpatrick*, 26 Mass. App. Ct. 595, 599 (1988), suffers from the same defect. The Appeals Court concluded that the jury were entitled to make that inference, because of evidence of "the Avis bar code and keys." *Commonwealth* v. *Woody*, *supra* at 907. It then noted that, "[a]lthough there was no direct testimony that the Avis tag was still on the keys, the defendant had keys to the car and nothing suggests the tag had been removed." *Id.* at 907 n.1. There was no evidence regarding the keys at the time of the defendant's arrest, and no evidence, one way or the other, about an Avis tag on the keys.[6] There was also no evidence that an Avis bar code was on the vehicle in which the defendant was arrested.

The Commonwealth argues that it is "impossible" for us to determine whether there was sufficient evidence to sustain the guilty verdict because the defendant has not provided a transcript of all of the evidence that was introduced at trial. The only evidence that is unavailable is a gap in the testimony of Pozner.[7] A legal conclusion that the evidence was sufficient to warrant a finding both that the automobile the defendant was driving was the one reported stolen by Avis and that the defendant either knew or believed that it was stolen property necessarily would require evidence linking the Avis car to the defendant at the time of his arrest. That testimony could only have been supplied by the arresting officer, and the transcription of his testimony is complete.

3. *Conclusion.* The defendant was entitled to a required finding of not guilty on the charge of receiving a stolen motor vehicle. The case is remanded to the District Court where a judgment of acquittal is to be entered.

*So ordered.*

---

[6]The arresting officer testified that he found "no items linking the ownership of the vehicle to the suspect." He did not testify that he found any items linking the ownership of the vehicle to Avis.

[7]The transcript of the direct examination ends with the following: "*Q.*: And finally sir I just want to take you through — [part of the testimony is missing from the tape-end of side 2 of 5]." The bracketed material was inserted by the transcriber. The next page begins with the defendant's cross-examination of the witness.