NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-762

AVIDIA BANK

vs.

MEHRAN MEHR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The pro se defendant appeals from a December 2, 2021 judgment that entered pursuant to an earlier order of a Superior Court judge, granting summary judgment to the plaintiff on three counts of its verified complaint.  The complaint alleged that Intellspec Corporation, a business coowned by the defendant, defaulted on two loans and a credit card agreement and that the defendant was liable as a personal guarantor of those agreements.[1]  After a hearing, the judge granted summary judgment to the plaintiff as to counts two, five, and eight, holding the

---

[1] In addition to the defendant and Intellspec, the complaint further named Robert P. Morse, Jr., as a defendant.  The record reflects that Morse passed away in June 2022 and that Intellspec was dissolved on December 31, 2021.

defendant liable for breach of his personal guaranties, and, further, dismissing the defendant's counterclaim.[2],[3]  On appeal, the defendant argues that the motion for summary judgment should not have been allowed because the plaintiff (1) violated the terms of the loan agreement when it declared the defendant's business in default and (2) sold professional equipment that it had seized as collateral for less than market value.  We affirm.

Discussion.  We review a grant of summary judgment de novo to determine whether, "viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law" (citation omitted).  Casseus v. Eastern Bus Co., 478 Mass. 786, 792 (2018).  "The moving party bears the burden of affirmatively demonstrating the absence of a triable issue." Milliken & Co. v. Duro Textiles, LLC, 451 Mass. 547, 550 n.6 (2008).  If the moving party carries its burden, "the party

---

[2] The counts at issue in this appeal are those dealing with the defendant individually.  The original complaint included eight additional counts, alleging that Intellspec and Morse violated the same loan agreements and personal guaranties at issue in this appeal, and seeking two injunctions against Intellspec.  Before Morse passed away or the December 2, 2021 judgment entered, Morse and all claims involving him were dismissed by agreement of the parties.

[3] The defendant asserted in his counterclaim that the plaintiff breached its fiduciary duty by selling collateral it seized from Intellspec for less than market rate and that the plaintiff had unlawfully converted that collateral.

2

opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact." French King Realty Inc. v. Interstate Fire & Cas. Co., 79 Mass. App. Ct. 653, 659-660 (2011).

At the outset, we emphasize the procedural deficiencies in this appeal. As the appellant, the defendant bears the responsibility of providing us with a record appendix sufficient to permit us to review his claims. See Roby v. Superintendent, Mass. Correctional Inst., Concord, 94 Mass. App. Ct. 410, 412 (2018), quoting Commonwealth v. Woody, 429 Mass. 95, 97 (1999) ("it is the appellant's responsibility to ensure that the record is adequate for appellate review"). See also International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983) ("A pro se litigant is bound by the same rules of procedure as litigants with counsel"). Here, however, the defendant has failed to include the transcripts of either the June 3, 2021 summary judgment hearing or the September 7 and 28, and October 1 and 5, 2021 damage assessment hearing.[4] As these transcripts are essential to the defendant's sole claim that the judge erred by granting summary judgment to the plaintiff, his appeal is

---

[4] The defendant stated in his notice of appeal that he would order a transcript of the September 28 hearing but made no reference to the other hearing days. In the end, no transcripts were provided.

3

waived.  See Mass. R. A. P. 18 (a) (1) (A) (v), as appearing in 481 Mass. 1637 (2019) (appellant's appendix must include "any parts of the record relied upon in the brief [and] any document, or portion thereof, filed in the case relating to an issue which is to be argued on appeal").

We nevertheless exercise our discretion to consider the judgment incorporating the underlying order on the record before us.[5]  See Roby, 94 Mass. App. Ct. at 412.  The Superior Court docket reflects that the plaintiff filed its summary judgment package on April 15, 2021, and notice of the plaintiff's motion was sent to the defendant on April 22.  We are persuaded that those submissions were sufficient to establish that the defendant signed guaranty agreements with respect to both loans and the business credit card, and that the bank held Intellspec in default of those loans in May 2018.  Accordingly, the plaintiff met its initial summary judgment burden with respect to counts two, five, and eight of its complaint.  See Milliken & Co., 451 Mass. at 550 n.6.

Once the plaintiff made this showing, the burden shifted to the defendant to respond to the plaintiff's claims.  See Carroll v. Select Bd. of Norwell, 493 Mass. 178, 190 (2024).  The docket

---

[5] The plaintiff has, in a supplemental appendix, provided us with its motion for summary judgment and the attached exhibits.

4

reveals, however, that the defendant did not file a response to the plaintiff's motion before the summary judgment hearing on June 3.[6]  See id. at 191, quoting Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974) ("When a motion for summary judgment is made and supported . . ., an adverse party may not rest upon the mere allegations or denials of his pleading").  It is plain, therefore, that the defendant failed to satisfy his burden through filings.  Without a transcript before us, we cannot say that he met this burden during the hearing either, and, accordingly, discern no error on the part of the judge by ordering that summary judgment enter for the plaintiff on counts two, five, and eight of its complaint or by ordering that the

---

[6] The defendant has not provided any explanation for his lack of answer to the plaintiff's motion.

defendant's counterclaim be dismissed.[7]  See <u>Casseus</u>, 478 Mass. at 792.

<u>Judgment dated December 2, 2021, affirmed</u>.

By the Court (Meade, Blake & Desmond, JJ.[8]),

Clerk

Entered:  September 17, 2024.

---

[7] We note the defendant's argument that § 6.1(i) of the security and loan agreement prohibited the plaintiff from holding Intellspec in default unless Intellspec was more than thirty days late in making a loan repayment.  This reading of the agreement misapprehends the plain meaning of § 6.1(i), which referred to the prospect of default in the event that Intellspec were to fail to satisfy a legal judgment against it in thirty days.  Section 6.1(a), which stated that default could occur in the event of "failure to pay in full and when due any installment of principal or interest," was met when Intellspec made "a few late payments on slow months" and was enough to support the judge's ruling.

[8] The panelists are listed in order of seniority.