Judge Squires-Lee recently granted partial summary judgment in favor of plaintiff Theodore Lampros on parts of his claims against Innovive Health of Massachusetts LLC.
Lampros now asks the Court to grant two different forms of prejudgment security. First, he asks the Court to enter a preliminary injunction that would bar Innovive from disposing of any assets outside the ordinary course of business. Second, he asks the Court to order trustee process attachments in the amount of $9.7 million on any accounts of Innovive held by three financial institutions that have not yet been sued as trustee process defendants. For the reasons discussed below, the Court will exercise its broad discretion to deny these requests.
1. Requested Preliminary Injunction. The Court will deny Lampros’s request for a preliminary injunction to constrain Innovive’s use of its financial assets for two reasons.
First, Lampros has not shown that he will suffer irreparable harm if the requested preliminary injunction does not issue.
A plaintiff may not obtain a preliminary injunction without proving that it will suffer irreparable harm in the absence of such an order, and that such harm to the plaintiff from not granting the preliminary injunction would outweigh any irreparable harm that defendants are likely to suffer if the injunction issues. See, e.g., American Grain Products Processing Institute v. Department of Pub. Health, 392 Mass. 309, 326–329 (1984) (vacating preliminary injunction on this
ground); Nolan v. Police Comm’r of Boston, 383 Mass. 625, 630 (1981) (same).
Lampros acknowledged during oral argument that, in the context of this case, that means he must demonstrate that there is a real risk that Innovive will be
 
                                                            -1-
judgment proof and not able to pay any damages that Lampros is likely to recover in this action.
The Court finds, based in part on the Affidavit of Anthony Loumidis, that Lampros has not met that burden. He is therefore not entitled to preliminary injunctive relief.
Second, Lampros would not be entitled to the requested preliminary injunction even if he had met their burden of proving irreparable harm. Rather than seek pre-judgment security that is authorized by rule or statute, such as a real estate or trustee process attachment, the request for a preliminary injunction asks the Court to freeze or limit the use of all of Innovive’s assets.
This request is essentially a “nonstatutory action[] to reach and apply” that used to be known as a “creditor’s bill.” See Cavadi v. DeYeso, 458 Mass. 615, 625 (2011). “Traditionally, a creditor’s bill could be brought (i) by a judgment creditor, (ii) who had attempted to obtain satisfaction at law, and (iii) who sued in equity for the purpose of reaching property that could not be taken on execution at law.” Id. The “true rule in equity is that under usual circumstances a creditor’s bill may not be brought except by a judgment creditor after a return of ‘nulla bona’ on execution.” First Nat. Bank of Boston v. Nichols, 294 Mass. 173, 182 (1936), quoting Harkin v. Brundage, 276 U.S. 36, 52 (1928). In cases involving fraudulent conveyances that leave a judgment debtor insolvent, the judgment creditor need not prove a fruitless attempt at execution, but still must show that it has obtained a final and enforceable judgment before obtaining equitable relief in the nature of a creditor’s bill. See Foster v. Evans, 384 Mass. 687, 693– 694(1981).
Since Lampros is not yet a judgment creditor of Innovive, the Court may not exercise its general equity jurisdiction to temporarily grant injunctive relief in the nature of creditors’ bill attachment. See First Nat. Bank, 294 Mass. at 182– 183; Consolidated Ordnance Co. v. Marsh, 227 Mass. 15, 23 (1917); In re Rare Coin Galleries of America, Inc., 862 F.2d 896, 904–905 (1st Cir. 1988) (applying Massachusetts law); Hunter v. Youthstream Media Networks, 241 F.Supp.2d 52, 55-57 (2002) (Collings, M.J.) (applying Massachusetts law). The United States Supreme Court has reached the same result under federal law, holding that federal courts have “no authority to issue a preliminary injunction preventing” parties “from disposing of their assets pending adjudication of [a] claim for money damages,” where the plaintiff does not claim any lien upon or other
 
                                                            -2-
 
equitable interest in the assets. Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 310, 333 (1999).
The Boston Athletic Association decision is not to the contrary. That case did not involve a creditor’s bill attachment, but instead involved an injunction to prevent the dispersal of particular, contested funds generated by a contract the validity of which was in dispute. See Boston Athletic Ass’n v. International Marathons, Inc., 392 Mass. 356, 362 (1984). The Court recognizes that it would have the power to enjoin the dissipation of particular funds in which a party has a demonstrated an equitable interest, as in the BAA case. See also, e.g., Gucci America, Inc. v. Weixing Li, 768 F.3d 122, 130-131 (2d Cir. 2014) (distinguishing Grupo Mexicano on ground that plaintiff asserted equitable interest in defendant’s profits under federal trademark act). But Lampros asserts only a legal claim for damages, not an equitable claim in particular funds.[1]
2. Requested Trustee Process Attachments. The Court will exercise its discretion not to grant the requested trustee process attachments because Lampros has not established that he is likely to succeed in obtaining a damage award in excess of $9.7 million, including prejudgment interest.[2]
An attachment on trustee process may be approved if the court finds that there is a “reasonable likelihood that the plaintiff will recover judgment, including interest and costs,” in an amount that equals or exceeds (I) the amount of any available liability insurance, plus (ii) the amount sought to be attached. See Mass. R. Civ. P. 4.2©. There is no requirement that a plaintiff seeking trustee process show that they would suffer irreparable harm without the attachment, or that the security to be provided by the attachment outweighs any harm to the defendant of tying up part or all of its assets, or that the requested
 
--------------------------------------------
 
[1] The Court believes that a contrary decision by the United States Court of Appeals for the First Circuit misreads Boston Athletic Ass’n and misapplies Massachusetts law. See Pineda v. Skinner Services, Inc., 22 F.4th 47, 54 (1st Cir. 2021). Although Massachusetts courts “ ‘give respectful consideration to such lower Federal court decisions as seem persuasive,’ … [they] ‘are not bound by decisions of Federal courts except the decisions of the United States Supreme Court on questions of Federal law.’ ” Commonwealth v. Pon, 469 Mass. 296, 308 (2014), quoting first Commonwealth v. Hill, 377 Mass. 59, 61 (1979), and then Commonwealth v. Montanez, 388 Mass. 603, 604 (1983).
[2] Lampros could not obtain a trustee attachment in any case without first amending his complaint to assert trustee process claims against the anticipated trustee process defendants.
 
                                                            -3-
 
prejudgment security would be in the public interest. Id. “Trustee process is a legal remedy, not an equitable one,” so traditional equitable doctrines do not apply. See Jordan v. Lavin, 319 Mass. 362, 366 (1946); see also Bank of New England, N.A. v. Mortgage Corp. of New England, 30 Mass. App. Ct. 238, 245–248, rev. denied, 409 Mass. 1105 (1991) (public interest not a relevant factor in deciding whether to grant or revoke prejudgment security, in that case equitable liens on ownership interests in limited partnerships, in favor of private creditor in action against private borrower or guarantor).
The Court cannot tell whether Lampros’s recovery after trial as to damages is likely to exceed $9.7 million (as Lampros contends) or be an amount close to zero (as Innovive insists). The burden is on Lampros to prove the requisite likelihood of success. On this record, he has not yet done so.
ORDER
Plaintiff’s motion seeking a preliminary injunction and trustee process attachments (docket no. 103) is denied. The temporary restraining order that entered on February 18, 2026 (docket no. 108) is hereby vacated.
/s/Kenneth W. Salinger Justice of the Superior Court
February 26, 2026